UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HABLI R L L C** | **CASE NO. 2:19-CV-00662** |
| **VERSUS** | **JUDGE CAIN** |
| **NATIONWIDE MUTUAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss by Nationwide Mutual Insurance Company" (Doc. #15) wherein defendant, Nationwide Mutual Insurance Company (improperly named as "Nationwide Insurance Company" and hereinafter referred to as "Nationwide") moves under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of Plaintiff's claims against Nationwide. The time for filing an opposition has lapsed and Plaintiff has not opposed the motion. For the reasons that follow, the motion will be granted.

## FACTUAL ALLEGATIONS

Plaintiff filed its Petition for Damages in the 14th Judicial District Court which was later removed to this Court. Plaintiff named three (3) defendants, Nationwide, Scottsdale Insurance Company and Louisiana Companies as its alleged insurers,. Plaintiff asserts that it maintained a policy of insurance with the named defendants which covered the business premises and personal property.

On or about March 29, 2018, an accident occurred whereby two vehicles collided with the covered premises at 801 E. Prien Lake Rd. in Lake Charles, Louisiana which

caused damage to an exterior wall of the covered building and left an additional covered property within the building at risk of loss.[1] Shortly thereafter, on April 14, 2019 while Plaintiff's claim remained in processing, rain entered through the damaged exterior of the covered premises, causing additional covered losses in the interior.[2] Defendants denied coverage for Plaintiff's alleged covered losses resulting in the instant lawsuit.

## RULE 12(b)(6) STANDARD

"Under Federal rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.s. 544, 570, 127 S.Ct. 2955 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880

---

[1] Petition for Damages, ¶ 7. Doc. # 1-3.
[2] *Id.* ¶ 9.

(5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Nationwide seeks to be dismissed from this lawsuit because the Petition includes no specific allegations against it, but instead, the Petition alleges that Plaintiff "maintained a policy of insurance with the named defendants, Policy number CPS3026133 which Policy covered Plaintiff's alleged business premises and personal property.[3] Nationwide argues that the policy which is made a part of pleadings was issued by Scottsdale, thus, Plaintiff's allegation that it maintained a policy of insurance with Nationwide is a "naked assertion devoid of further factual enhancement" that is insufficient to state a claim against it.

The Court has reviewed the Petition and agrees with Nationwide that the insurance policy asserted in the Petition is a naked assertion that is devoid of further factual enhancement. Furthermore, there is no allegation or indication that Nationwide assumed liability or obligations under an insurance policy issued to Plaintiff. As noted above, Plaintiff has not opposed this motion or provided a policy of insurance that would even suggest that Nationwide was the insurer of Plaintiff's property during the relevant time period.

## CONCLUSION

---

[3] See Petition, ¶ 5. Doc. #1.

For the reasons stated hereinabove, the motion to dismiss will be granted for failure to state a claim upon which relief may be granted. Furthermore, the Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 29 day of July, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE