UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| HABLI R L L C | CASE NO. 2:19-CV-00662 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| NATIONWIDE MUTUAL INSURANCE CO ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is "Scottsdale Insurance Company's Motion for Summary Judgment" (Doc. 24) wherein the defendant insurer moves for summary judgment in its favor dismissing the claims of Plaintiff, Habli R., LLC ("Habli") against this defendant (hereinafter referred to as "Scottsdale") with prejudice. In it motion, Scottsdale maintains that Habli cannot meet its burden to prove that its loss to business personal property falls within the ambit of coverage provided by the policy and thus, Habli's claims against Scottsdale fail as a matter of law.

## FACTUAL STATEMENT

On March 29, 2018, an automobile accident resulted in damage to the exterior of Habli's building.[1] In its claim against Scottsdale, Habli seeks to recover for alleged damaged business personal property as a result of rain entering the damaged exterior of the building on April 14, 2018.[2] Ramzi Habli signed a Commercial Insurance Application ("Application") dated December 28, 2017.[3] Scottsday issued a Commercial General Liability and Commercial Property Insurance for the relevant time period.[4] The Commercial General Liability coverages is not implicated by

---

[1] Doc.1-3, Petition for Damages, p. 3, ¶ 7.
[2] *Id.* at ¶¶ 1-3,9,11.
[3] Scottsdale exhibit 1, Application and Policy attached at exhibits A and B to Unsworn Declaration of David Gee.
[4] *Id.*

Habli's allegations. No request for Business Personal Property coverage was made in the Application and no premium was paid for same in connection with issuance of the Policy.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier

---

[5] Scottsdale exhibit 1, Gee Declaration, ¶ 12.

of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In its motion, Scottsdale moves to dismiss Habli's claims with prejudice because the Policy does not provide coverage. Thus Habli's claims against Scottsdale fail as a matter of law. On September 11, 2019, Habli filed a voluntary motion to dismiss Scottsdale[6] pursuant to Federal Rule of Civil Procedure 41, conceding that the relevant policy declarations do not describe covered property and that Scottsdale's reading of the policy is correct.[7] On this date, the Court granted the voluntary motion to dismiss for the reasons stated by Scottsdale making this motion now moot.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied as moot.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 12th day of September, 2019.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 32.
[7] *Id.* p. 2.