UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HABLI R, LLC.** | : | **CIVIL ACTION NO. 19-cv-662** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONWIDE MUTUAL INSURANCE CO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

A Motion to Remand filed by plaintiff Habli R., LLC [doc. 27], was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. In this motion, plaintiff asserts that Louisiana Companies, Inc. ("LCI"), a nondiverse defendant, is properly joined. *See* Doc. 27. As our sole basis for jurisdiction in this case is diversity [doc. 1], these attacks on removal, ostensibly suggest we never had jurisdiction over this suit. Accordingly, although the removing defendants, Nationwide Insurance Company ("Nationwide") and Scottsdale Insurance Company ("Scottsdale), have since been dismissed [docs. 21; 33], we have occasion to review our subject-matter jurisdiction *sua sponte*.

As indicated herein, we find that although we have jurisdiction over the suit, we do not have jurisdiction of the nondiverse defendant, LCI. Accordingly, **IT IS RECOMMENDED** that LCI be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Plaintiff, a Louisiana citizen [doc. 1, p. 4], is a business owner whose building and merchandise were damaged as a result of an accident that occurred March 29, 2018. Doc. 1, att.

2, p. 5.  On March 27, 2019 plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, alleging that although he[1] had insurance at the time of the accident, he had been improperly denied coverage occasioned by the loss.  *Id.*  Plaintiff alleges he purchased his insurance policy through LCI, a broker, who allegedly assured plaintiff "the policy would offer protection for both the building itself and for its contents."  *Id.*  Named as defendants were Nationwide Insurance Company ("Nationwide"), a citizen of Ohio, Scottsdale Insurance Company ("Scottsdale), a citizen of Ohio and Arizona[2] and LCI, a citizen of Louisiana. *Id.* at 4.

On May 23, 2019, Nationwide and Scottsdale removed the action to this court pursuant to 28 U.S.C. § 1332.  Doc. 1.  They alleged that the citizenship of LCI should be ignored because it had been improperly joined and that complete diversity existed between plaintiff and the properly joined defendants. *Id.* at 6-9.  Subsequent to removal, both Nationwide and Scottdale have been dismissed. Nationwide alleged that the insurance policy referenced in plaintiff's complaint was issued by Scottsdale [doc. 15, p. 1] and it was dismissed with prejudice. Doc. 21. Scottsdale was dismissed with prejudice [doc. 33] following a voluntary motion to dismiss in which plaintiff indicated "merchandise" for which Scottsdale refused to pay was found to be not actually covered by his policy. *See* Doc. 32, att. 1.  LCI remains a defendant in this case.

On August 20, 2019, plaintiff filed a motion to remand alleging that this court does not have jurisdiction because LCI is properly joined. Doc. 27.  He argues he has stated a claim against LCI and that the matter must be remanded for lack of diversity. *Id.* at 2.

---

[1] Although plaintiff is a limited liability company [doc. 1, att. 2, p. 4] we have incorporated the male personal pronouns used by plaintiff in briefings. *See, e.g.,* Doc. 1, att. 2, p. 5 ("assured plaintiff . . . would meet *his* needs") (emphasis added); Doc. 27, att. 1, p. 1. (". . . after defendants wrongfully denied liability arising from *his* claims.") (emphasis added).

[2] In his petition plaintiff asserts Scottsdale is "a Delaware corporation authorized to do business in the State of Louisiana" [doc. 1, att. 2, p. 4] however in its notice of removal Scottsdale indicates it is incorporated under the laws of Ohio with its principal place of business in Arizona. Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

Federal courts are duty-bound to examine subject-matter jurisdiction *sua sponte*. *Burciaga v. Deutsche Bank National Trust Co.*, 871 F.3d 380, 384, n.4 (5th Cir.2017) (citations omitted). Our sole basis for jurisdiction in this case is diversity. *See* Doc. 1. It is undisputed that defendant LCI is nondiverse. Accordingly, we have no jurisdiction over LCI. *See Int'l Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.")

Plaintiff asks us to remand because the remaining defendant is nondiverse. What we must do, however, is to consider whether the removal was appropriate in the first place in order to determine how to proceed.

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). If jurisdiction is challenged on appeal, the issue in subsequent proceedings is "whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Elec. Credit Corp.*, 92 S.Ct. 1344, 1347 (1972). "Removal jurisdiction, after all, is totally dependent on satisfaction of the requirements for original jurisdiction." *Id.* at 1936 (citing 28 U.S.C. § 1441(a)). Accordingly, when an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 833 (5th Cir. 2000) (citations omitted); *See also Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

In its notice of removal, the removing defendants asserted that LCI was improperly joined. Doc. 1. If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or the

-3-

"inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003)). No fraud was alleged; accordingly, the only relevant issue is "whether the defendant ha[d] demonstrated that there [was] no possibility of recovery by the plaintiff against [the] in-state defendant, which stated differently means that there [was] no reasonable basis for the district court to predict that the plaintiff might [have been] able to recover against [the] in-state defendant." *Id*. In order to assess a plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Id*. This inquiry "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) (citations omitted).

At time of removal the removing defendants asserted that there was no reasonable basis to predict that the plaintiff had a possibility of recovery against LCI. Doc. 1. By contrast, plaintiff has asserted that, "Louisiana law, in fact, provides a putatively-insured client remedy in negligence against a broker who fails to provide coverage when a client is reasonable to believe coverage was secured and suffered damage in its absence." Doc. 27, att.1, p. 2. While we do not dispute that such a cause of action exists [*see, e.g., Hutchins v. Hill Petroleum Co.*, 609 So.2d 306, 309 (La.App. 3 Cir. 1992)], we do not find this theory of liability to have been put forth in the complaint.

In the complaint, plaintiff names LCI as a defendant, indicates he purchased insurance from LCI, and indicates he relied on LCI's representation that his insurance policy offered "protections both for the building itself and for its contents;" he then concludes that he was

improperly denied insurance coverage for a covered loss. Doc. 1, att. 2, pp. 4-5. Only by reviewing plaintiff's motion to voluntarily dismiss his insurer, filed after removal, is it apparent that plaintiff's policy did not actually cover the building contents. *See* Doc. 32, att. 1. Plaintiff's claim that "Defendants improperly denied Plaintiff coverage occasioned by a covered loss," [doc. 1, att. 2, p. 5] is not a properly stated negligence claim against his broker. Accordingly, as we find no "factual fit between the plaintiff's allegations and the pleaded theory of recovery," [*Griggs*, 181 F.3d at 701] we find that LCI was an improperly joined defendant.

As complete diversity existed between all properly joined defendants at the time of removal then removal was proper. Because removal was proper then remand is not the appropriate remedy but rather LCI must be dismissed without prejudice. *Int'l Energy Ventures Management, LLC*, 818 F.3d at 209 ("[t]o dismiss on any other basis would require the presence of jurisdiction that does not exist.")

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that LCI be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 15th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE